complain further. Although the court ruled that the statements of counsel hereinbefore referred to, with others to which objections were made, were improper and warned counsel to keep within the record, and counsel in most instances immediately apologized for making them, yet neither the ruling of the court nor the apologies of counsel can remedy the injurious and prejudicial effect of such improper appeals for sympathy and inflammatory statements. *Chicago Union Traction Co. v. Lauth*, 216 Ill. 183; *Parlin & Orendorff Co. v. Scott*, 137 Ill. App. 455. The improper argument to the jury and staging of the case probably influenced it in arriving at its verdict, not only as to the amount but possibly otherwise. For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Frank K. Lemon, Defendant in Error, v. Richard Snell, Plaintiff in Error.

(Not to be reported in full.)

Error to the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

## Statement of the Case.

Action by Richard A. Lemon and Frank K. Lemon, partners, against Richard Snell to recover attorneys' fees for services performed for defendant in litigation concerning the estate of Thomas Snell, deceased. After the suit was begun, Richard A. Lemon died and the suit was prosecuted in the name of Frank K. Lemon, surviving partner.

The claim of plaintiffs is for $15,000 for services rendered in the contest of the will of Thomas Snell, in which suit plaintiffs were attorneys for Richard Snell, contestant, and for $5,500 for services rendered

in the estate for defendant as administrator after the suit to contest the will was terminated. A jury returned a verdict in favor of plaintiff for $1,750, on which judgment was rendered. To reverse the judgment, defendant prosecutes a writ of error.

STONE, OGLEVEE & FRANKLIN, for plaintiff in error.

HERRICK & HERRICK, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 134*—*admissibility of evidence.* In an action to recover attorneys' fees permitting plaintiff to testify as to the value of services which had been rendered and paid for under an express contract, and permitting him to testify that a claim was made for further compensation for the services and that defendant had made an offer to give $1,500, *held* error, for the reason that defendant had settled for such services and that the offer to pay a further sum was a promise to make a gift for which there was no consideration.

2. ATTORNEY AND CLIENT, § 127*—*when amount of compensation not excessive.* In an action for attorneys' fees, a verdict for $1,750 *held* not excessive where the amount involved was large, and the questions in issue were bitterly contested and a clear preponderance of the evidence would have justified a larger verdict.

3. APPEAL AND ERROR, § 1489*—*when admission of improper evidence afterwards excluded not prejudicial.* In an action to recover attorneys' fees, the admission of impropper evidence which was afterwards excluded, *held* not prejudicial as influencing the jury to allow an excessive verdict where it appears that the jury on a consideration of the proper evidence could not have returned a verdict for a less amount.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.